LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03728 GAF (JCx) | Date | June 11, 2013 |
|---|---|---|---|
| Title | Hartford Casualty Insurance Company v. Corcino & Associates, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

### ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

On May 23, 2013, Plaintiff Hartford Casualty Insurance Company brought an action for declaratory judgment against Defendants Corcino & Associates, Frank Corcino, Stanford Hospital and Clinics ("Stanford"), and Multi-Specialty Collection Services, LLC ("MSCS") (collectively "Defendants"). (Docket No. 1, [Complaint ("Compl.")] ¶¶ 1-5.) Plaintiff alleges a single cause of action for declaratory relief relating to two underlying state proceedings. (Id. ¶¶ 17-22.) Plaintiff brings this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Id. ¶ 1.) However, Plaintiff has failed to properly allege the citizenship of the individual defendant and the two LLC defendants, Mr. Corcino, Corcino & Associates, and MSCS. Accordingly, the Court cannot presently conclude that jurisdiction exists on the basis of diversity of citizenship, and Plaintiff is **ORDERED to show cause** why its Complaint should not be dismissed for lack of subject matter jurisdiction.

Section 1332 confers federal courts with original jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). A "natural person's state citizenship is [] determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated <u>and</u> of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP , 437 F.3d 894, 899 (9th Cir. 2006).

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03728 GAF (JCx) | Date | June 11, 2013 |
|---|---|---|---|
| Title | Hartford Casualty Insurance Company v. Corcino & Associates, et al. | | |

    Plaintiff does not adequately allege the citizenship of Defendants Mr. Corcino, Corcino & Associates, and MSCS. As an initial matter, Plaintiff fails entirely to allege the citizenship of Mr. Corcino. Further, the Complaint states that Corcino & Associates "is a Nevada limited liability company with its principle place of business in the Central District of California, and that defendant Frank Corcino . . . is the managing member, owner, or otherwise principal of Corcino [& Associates]." (Compl. ¶ 3.) As the governing standard makes clear, an LLC's citizenship is determined by the citizenship of each of its owners/members. Therefore, Plaintiff has not adequately alleged Defendant Corcino & Associate's citizenship because (1) Plaintiff has not alleged Mr. Corcino's citizenship, and (2) is ambiguous as to whether Mr. Corcino is the only owner/member - if not, then the citizenship of the other owner/members must be alleged. Plaintiff also fails to adequately allege Defendant MSCS's citizenship. The Complaint states that Defendant MSCS "is . . . a California limited liability company with its principle place of business in the Central District of California." (Id. ¶ 4.) Again, as the governing standard makes clear, such an allegation is insufficient to establish citizenship of an LLC for purposes of diversity jurisdiction.

    Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE no later than Monday, July 1, 2013**, as to why the Court should not dismiss this action for lack of subject matter jurisdiction. **<u>Failure to respond by this deadline will be deemed consent to dismissal.</u>** Plaintiff may respond to this OSC with an amended pleading setting forth the appropriate jurisdictional information.

    **IT IS SO ORDERED.**