UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-3728 GAF (JCx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | Hartford Casualty Insurance Company v. Corcino & Associates et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (In Chambers)

## ORDER RE: MOTION TO DISMISS

### I.
### INTRODUCTION

This is an insurance declaratory relief action arising out of state court litigation.

Corcino & Associates ("Corcino") and Stanford Hospital and Clinics ("Stanford") are currently named defendants in state court litigation in which they have allegedly violated the privacy rights of numerous patients. Stanford allegedly supplied the information to Corcino who allowed it to be used by a job applicant who, in turn, posted the data on a public website. In that litigation, Stanford has cross-claimed against Corcino for indemnity and contribution.

Hartford Casualty Insurance Company issued a comprehensive general liability policy to Corcino under which Corcino has apparently requested that Hartford defend and indemnify it in the action. Hartford has accepted the defense of the actions but with a reservation of rights. Hartford contends that it has no obligation to defend and indemnify on the ground that the dispute in this case is subject to a policy exclusion that bars recovery for violations of statutorily created rights. Hartford has, therefore, brought this lawsuit against Corcino, Stanford and others seeking a declaration that it has no obligation to indemnify the claims being made in the underlying state court litigation.

Stanford and Corcino move to Dismiss Hartford's complaint on the grounds that it fails to state a claim upon which relief can be granted. (Docket No. 18, [Motion for Joinder and Motion to Dismiss]; Docket No. 19, [Motion to Dismiss ("Mem.")].) They contend that the right at issue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-3728 GAF (JCx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | Hartford Casualty Insurance Company v. Corcino & Associates et al | | |

has long been recognized under the common law and that the creation of new statutory remedies for the violation of that right do not place the claims within the scope of the policy exclusion. The Court agrees. As discussed in greater detail below, the motions are **GRANTED** and the action is **DISMISSED WITH PREJUDICE** as to Stanford and Corcino.

## II.
## BACKGROUND

### A.  REQUEST FOR JUDICIAL NOTICE

Stanford requests that the Court take judicial notice of various records of state courts and legislative history. (Docket No. 17-2, [Request for Judicial Notice ("RJN")].) "Under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of the records of state courts [and] the legislative history of state statutes." Louis v. McCormick & Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155, fn. 4 (C.D. Cal. 2006). Accordingly, the Court **GRANTS** Stanford's request for judicial notice.

### B.  THE UNDERLYING LITIGATION

Stanford, Corcino, and others have been sued in two state court actions – Springer, et al. v. Stanford Hospital and Clinics, et al., Los Angeles Superior Court Case No. BC470522 ("Springer") and Sherald v. Stanford Hospital and Clinics, et al., Santa Clara Superior Court Case No. 1-12-CV-226388 ("Sherald") (collectively, the "Underlying Litigation") – for an alleged posting of confidential medical information on a public website. (Docket No. 7, [First Amended Complaint ("FAC")] ¶¶ 8-15.) The plaintiffs in the Underlying Litigation claim that "the private, confidential, and sensitive medical and/or psychiatric information of almost 20,000 patients of Stanford's Emergency Department appeared on a public website and remained publicly available online for almost one full year." (FAC, Ex. A ¶ 3.)

This medical information, according to the underlying plaintiffs, was provided by Stanford to Corcino who, in turn, gave it to a Doe defendant who had applied for employment with Corcino. (Id. ¶ 31.) The underlying plaintiffs allege that after Corcino asked the Doe defendant to perform certain tasks with the data as part of a "test for employment suitability," he posted the information on "a public website called 'Student of Fortune,' which is an online tutorial marketplace for students who need help with homework, with a request for help converting the information …." (Id. ¶¶ 31-32.) The information included patient names, medical records, hospital account numbers, admission/discharge dates, diagnosis codes, and billing charges. (Id. ¶ 28.) The underlying plaintiffs allege that their information remained

Case 2:13-cv-03728-GAF-JC   Document 30   Filed 10/07/13   Page 3 of 8   Page ID #:534

LINKS: 17, 18, 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3728 GAF (JCx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | Hartford Casualty Insurance Company v. Corcino & Associates et al | | |

publicly available on the "Student of Fortune" website for almost one year, until it was found by one of the plaintiffs.  (FAC, Ex. B ¶ 9.)

The Sherald complaint contains causes of action for violations of the plaintiff's constitutional right of privacy, her common law privacy rights, and California Civil Code sections 56.36 et seq. ("Confidentiality of Medical Information Act" or "CMIA").  (Id. ¶¶ 39-64.)  The Sherald complaint seeks actual, statutory, and punitive damages, as well as attorney's fees, injunctive relief and interest.  (Id. at 14-31.)  In partially overruling Stanford's demurrer to the Sherald complaint, the trial court found that the alleged facts supported not only the plaintiff's statutory damage claim under CMIA, but also her constitutional and common law privacy causes of action.  (RJN, Ex. A [Oct. 10, 2012 Order Re Demurrers and Motions to Strike Portions of Plaintiff Parenza Sherald's Complaint] 2:1-2:28.)

The Springer complaint states claims for statutory damages under CMIA and California Welfare & Institutions Code sections 5330 et seq. ("Lanterman Petris Short Act" or "LPS").  (FAC, Ex. A ¶¶ 78-116.)  The defendants demurred to the Springer complaint on the ground that the plaintiffs failed to allege any "actual injury."  The trial court overruled the demurrer, stating that regardless of whether they had pled separate causes of action for violation of their constitutional and common law privacy rights, their complaint alleged "actual injury" as a matter of law because it alleged an invasion of the same legally protected interest in medical privacy that the California courts have held may give rise to constitutional and common law claims.  (RJN, Ex. B [Reporter's Transcript of Sept. 12, 2012 Hearing] 17:26-18:5) (citing Pettus v. Cole, 49 Cal. App. 4th 402, 440 (Ct. App. 1996).)

**C. THE HARTFORD POLICY**

Hartford issued to Corcino a "Spectrum" commercial general liability Policy No. 72 SBM TV7693DX ("Policy").  (FAC ¶¶ 6-7.)  The "personal and advertising injury" insuring clause of the Policy promises to pay amounts Corcino becomes "legally obligated to pay as damages because of . . . electronic publication of material that violates a person's right of privacy."  (Id. ¶¶ 18-19.)  However, the Policy contains the following exclusion:

> This insurance does not apply to:
>          * * *
> p.    Personal And Advertising Injury
>
> (11)    Arising out of the violation of a person's right to privacy created by any state or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3728 GAF (JCx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | Hartford Casualty Insurance Company v. Corcino & Associates et al | | |

> federal act.
>
> However, this exclusion does not apply to liability for damages that the insured would have in absence of such state or federal act.

(Id. ¶ 20.)

Hartford's complaint does not dispute that the Underlying Litigation involves claims that Corcino is liable for electronic publication of material that violates the underlying plaintiffs' rights of privacy. Instead, Hartford seeks a judicial declaration that there is no coverage for the "statutory relief" sought by the underlying plaintiffs because this relief falls within the Policy exclusion. (Id. ¶¶ 21-22.)

## III.
## DISCUSSION

### A. STANFORD'S MOTION TO DISMISS

#### 1. LEGAL STANDARD UNDER RULE 12(B)(6)

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3728 GAF (JCx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | Hartford Casualty Insurance Company v. Corcino & Associates et al | | |

alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 679.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 678-79; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**2. INTERPRETATION OF INSURANCE POLICIES UNDER CALIFORNIA LAW**

In California, "interpretation of [insurance] policy language is a question of law." MacKinnon v. Truck Ins. Exch., 31 Cal. 4th 635, 641 (2003); Rosen v. State Farm Gen. Ins. Co., 30 Cal. 4th 1070, 1074 (2003). Moreover:

> Interpretation of an insurance policy . . . follows the general rules of contract interpretation. 'The fundamental rules of contract interpretation are based on the premise that the interpretation of a contract must give effect to the "mutual intention" of the parties.'. . . Such intent is to be inferred, if possible, solely from the written provisions of the contract.

MacKinnon, 31 Cal. 4th at 647 (citations omitted); see also Rosen, 30 Cal. 4th at 1074. In other words, "[t]he rules governing policy interpretation require us to look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 18 (1995).

"[I]nsurance coverage is interpreted broadly so as to afford the greatest possible protection to the insured, [whereas] . . . exclusionary clauses are interpreted narrowly against the insurer." MacKinnon, 31 Cal. 4th at 648 (citations omitted); see also Powerine Oil Co., Inc. v. Super. Ct., 37 Cal. 4th 377, 391 (2005); Aydin Corp. v. First State Ins. Co., 18 Cal. 4th 1183, 1193 (1998). For this reason, the Ninth Circuit has observed that "[i]f any reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3728 GAF (JCx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | Hartford Casualty Insurance Company v. Corcino & Associates et al | | |

interpretation of the policy would result in coverage, a court must find coverage even if other reasonable interpretations would preclude coverage." Bodell v. Walbrook Ins. Co., 119 F.3d 1411, 1413 (9th Cir. 1997) (citation omitted); see also PMI Mortg. Ins. Co. v. Am. Int'l Specialty Lines Ins. Co., 394 F.3d 761, 765 n.5 (9th Cir. 2005).

### 3. APPLICATION

Stanford urges the Court to dismiss Hartford's complaint because the Policy exclusion applies only to violations of rights that were created by statute and the right to medical privacy at issue in the Underlying Litigation was not created by statute, but rather is an existing constitutional and common law right. (Mem. at 9, 12.) For the reasons set forth below, the Court concludes that this is a reasonable interpretation of the Policy and thus, under MacKinnon, Hartford's complaint must be dismissed.

In order to determine the scope of the exclusion, the Court first considers the language of the policy. Hartford's exclusion expressly applies only to injury that arises out of the violation of a person's "right to privacy created by any state or federal act," and not to "liability for damages that the insured would have in absence of such state or federal act." (FAC ¶ 20.) Stanford argues, and the Court agrees, that the "plain meaning of this phrase is clear: the Exclusion applies if, and only if, a claim arises out of the invasion of a privacy right that is created by statute." (Mem. at 12.) In its complaint, Hartford does not dispute this reading of the policy language, but rather states that "as a result of the language," the statutory relief sought by the underlying plaintiffs against Corcino falls under this exclusion because "such relief would arise out of the violation of a person's right to privacy created by a state act(s) for which [Corcino] would have no such liability in the absence of such state act(s)." (FAC ¶ 21.)

However, as noted by Stanford, the right to medical privacy at issue in the Underlying Litigation was not created by either of the two statutes under which the plaintiffs seek relief. Id. Since at least 1931, California has recognized both a constitutional privacy right and a common law tort cause of action for violations of the right to privacy. Melvin v. Reid, 112 Cal. App. 285, 291 (Ct. App. 1931). The constitutional right to privacy that had been previously found to impliedly exist was made express in 1972, when voters approved a ballot initiative to amend the Constitution to expressly include an "inalienable" right of privacy. Board of Medical Quality Assurance v. Gherardini, 93 Cal. App. 3d 669, 676-79 (Ct. App. 1979). Although courts have expressly recognized a constitutional right of privacy with respect to medical records since at least 1979 (id.), medical records have been considered private and confidential for well over 100

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3728 GAF (JCx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | Hartford Casualty Insurance Company v. Corcino & Associates et al | | |

years at common law. See, e.g., In re Redfield's Estate, 116 Cal. 637, 644 (1897).[1]

The legislative history of the LPS and CMIA, under which the plaintiffs seek relief against Corcino, demonstrates that these statutes were intended not to create new privacy rights, but rather to codify existing rights and create effective remedies that would encourage affected individuals to enforce them. (RJN, Ex. F [September 14, 1979 Enrolled Bill Report from the Department of Finance]) (noting that the bill "further [e]nsures an individual's right to privacy.") Both statutes provide that their statutory damages remedies are available in addition to traditional tort damages for the same privacy breaches, and do not replace them. Cal. Civ. Code §56.36(b); Cal. Welf. & Inst. Code § 5330. Thus, because the LPS and CMIA do not create new privacy rights and because the Policy exclusion by its terms "does not apply to liability for damages that the insured would have in absence of such state or federal act," the relief sought under these statutes can reasonably be interpreted to fall outside of Hartford's Policy exclusion.

Although Hartford attempts to change course in its Opposition by insisting that it "seeks only a ruling that it will owe no duty to indemnify Corcino for the statutory penalties created by the CMIA and the LPS," this argument is unavailing. (Docket No. 26, [Opposition to Motion to Dismiss ("Opp.")] at 1.) Hartford attempts to evade coverage by arguing that its Policy "only covers damages because of 'personal and advertising injury,'" and that the "statutory penalties sought under the CMIA and LPS do not constitute 'damages' awarded for an 'injury . . .'" (Opp. at 5.) As discussed above, the LPS and CMIA were enacted to create effective remedies for breaches of an individual's right to medical privacy. The statutes thus permit an injured individual to recover damages for breach of an established privacy right, and as such, fall squarely within the Policy's coverage. If Hartford had intended to include a specific distinction in its exclusion, it could have done so when drafting its Policy. However, the Court cannot read restrictive language into the Policy that is not actually there. See Safeco Ins. Co. of America v. Robert S., 26 Cal. 4th 758, 764 (2001) ("We cannot read into the policy what [the insurer] has omitted. To do so would violate the fundamental principle that in interpreting contracts, including insurance contracts, courts are not to insert what has been omitted.").

The Court concludes that Stanford's interpretation of the Policy exclusion's scope based on the language and plain meaning of the exclusion is reasonable. Accordingly, the Court must find that any relief awarded under the LPS and CMIA would be covered, rather than excluded,

---

[1] Indeed, the right to medical privacy is implicitly recognized in the physician-patient privilege, Cal. Evid. Code § 992, which has been part of the common law for as long as California has been a state.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3728 GAF (JCx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | Hartford Casualty Insurance Company v. Corcino & Associates et al | | |

under Hartford's Policy.  See Bodell, 119 F.3d at 1413 (stating that "[i]f any reasonable interpretation of the policy would result in coverage, a court must find coverage even if other reasonable interpretations would preclude coverage") (citation omitted).  Thus, because any amendment by Hartford would be futile, Stanford's motion to dismiss Hartford's complaint is **GRANTED with prejudice**.

**B.  CORCINO'S MOTION TO DISMISS**

Because the Court grants Corcino's motion to join Stanford's motion to dismiss and grants with prejudice Stanford's motion to dismiss, Corcino's motion to dismiss is thus **DENIED as moot**.

### IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS with prejudice** Stanford's motion to dismiss in which Corcino joins.  Corcino's motion to dismiss is thus **DENIED as moot**.

**IT IS SO ORDERED.**